**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| WALTER PICKETT, individually, and on behalf of others similarly situated, | Class Action Complaint |
| Plaintiff, | Case No.: 1:17 Civ. 01013 |
| v. | Demand for a Jury Trial |
| SIMOS INSOURCING SOLUTIONS, CORP., a Georgia corporation, | |
| Defendant. | |

Plaintiff Walter Picket ("Plaintiff"), individually and on behalf of all others similarly situated, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**INTRODUCTION**

1.      Plaintiff brings this case on his own behalf and that of a proposed class of all others similarly situated against Defendant SIMOS Insourcing Solutions, Corp. ("SIMOS" or "Defendant") for violation of their rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2.      Before procuring consumer reports from one or more background check companies called "consumer reporting agencies" ("CRAs"), SIMOS fails to provide job applicants with a clear and conspicuous disclosure in writing, in a document that consists solely of the disclosure, that it may obtain a consumer report for employment purposes, in violation of 15 U.S.C. § 1681b(b)(2)(A)(i) and (ii).

3.      SIMOS also routinely rejects job applicants based on information contained in consumer reports that it obtains from CRAs.  This violates section 1681b(b)(3)(A) of the FCRA,

which renders illegal the use of consumer reports to make adverse employment decisions without the employer first providing the individual who is the subject of the report with sufficient and timely notification of its intent to take an adverse action, a copy of the report, and a summary of rights under the FCRA.  *See* 15 U.S.C. § 1681b(b)(3)(A)(i) and (ii).

4.      SIMOS's violations of the FCRA cause concrete injury by, among other examples, depriving individuals of crucial information that Congress intended that they possess and invading their privacy.

5.      SIMOS has willfully violated the above-mentioned provision of the FCRA.

6.      On behalf of himself and others similarly situated, Plaintiff seeks statutory and/or actual damages; exemplary and punitive damages; pre-judgment and post-judgment interest; and reasonable attorneys' fees, costs, and expenses associated with this action.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because SIMOS resides in this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

9.      This Court has personal jurisdiction over this matter because SIMOS is located in this District, conducts substantial business activity in this District, and because many of the unlawful acts described herein occurred in this District and gave rise to the claims alleged.

2

## PARTIES

**Plaintiff**

10.     Plaintiff and the proposed Class Members he seeks to represent are "consumers" as defined by the FCRA, 15 U.S.C. § 1681a(c).

11.     Plaintiff is an African-American resident of Chicago, Illinois.

**Defendant**

12.     SIMOS is a self-described "labor management firm."

13.     SIMOS is headquartered in Atlanta, Georgia, and has locations across the United States, including Illinois.

14.     At all relevant times, SIMOS has been a "person" using "consumer reports" of Plaintiff and proposed Class Members for "employment purposes" and has taken "adverse action" against Plaintiff and similarly situated applicants, as defined by the FCRA.  These adverse actions have been based wholly or in part on those consumer reports.

15.     At all relevant times, SIMOS has been aware of the requirements of the FCRA, and yet has disregarded those requirements.

## STATEMENT OF FACTS

**Plaintiff's Experience**

16.     In late 2014, Mr. Pickett applied to work for SIMOS.

17.     As part of his application, Mr. Pickett was required to authorize a consumer report that contained a criminal record and credit check, and did so.

18.     The authorization that Mr. Pickett was required to sign caused Mr. Pickett confusion because, among other reasons, it was filled with unclear and extraneous information and requests.   The authorization did not "consist solely of the disclosure" that a consumer report

3

may be procured for employment purposes, and instead contained numerous additional statements and requests beyond the language authorizing a consumer report.

19.     Shortly after applying to work for SIMOS, Mr. Pickett was interviewed by SIMOS.  At that interview, he disclosed his conviction history.

20.     After his interview, SIMOS provided Mr. Pickett with training to be a forklift operator, and provided Mr. Pickett with a forklift operator test, which he passed.

21.     Mr. Pickett was hired to work for SIMOS at its Elwood, Illinois warehouse.

22.     On approximately November 17, 2014, Mr. Pickett started to work for SIMOS.

23.     Mr. Pickett worked for SIMOS for approximately three workdays without any issues with his performance.

24.     On the fourth workday, Mr. Pickett's supervisor Andy (last name unknown) told Mr. Pickett that SIMOS required that Mr. Pickett be fired because of the results of his consumer report.

25.     Andy told Mr. Pickett that he was a great worker, that Andy hated to lose him, but that SIMOS required that Mr. Pickett be fired.

26.     Subsequently, in a correspondence dated November 28, 2014, SIMOS provided Mr. Pickett with a Separation Notice formally notifying him of his termination and that the termination was because of Mr. Pickett's background check.

27.     Despite being terminated because of his background check, Mr. Pickett never received a copy of his consumer report or a statement of his rights under the FCRA.

**Factual Allegations Common to All Class Members**

28.     Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit; and, second, that despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

29.     Congress sought for consumer reports to be "fair and equitable to the consumer" and to protect a "consumer's right to privacy" by ensuring "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports.  15 U.S.C. § 1681(b).

30.     Congress was particularly concerned about the use of background reports in the employment context, and therefore defined the term "consumer reports" to explicitly include background reports procured for employment purposes.  *See* 15 U.S.C. § 1681a(d)(1)(B).

31.     Among other purposes, the FCRA was intended to provide new safeguards to protect the privacy of job applicants.

32.     Through the FCRA, Congress required employers to disclose that a consumer report may be obtained for employment purposes before procuring the report.  15 U.S.C. § 1681b(b)(2)(A)(i).

33.     Specifically, the FCRA requires that employers "may not procure a consumer report or cause a consumer report to be procured, for employment purposes with respect to any consumer," unless:

> (i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

      (ii)     the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(B)(2)(A)(i) and (ii) (emphasis added). This requirement is frequently referred to as the "stand-alone disclosure requirement."

      34.    The FCRA stand-alone disclosure requirement imposes the duty on an employer like SIMOS to provide a "clear and conspicuous" disclosure to individuals that a consumer report about them will be procured.

      35.    The FCRA's stand-alone disclosure requirement, when properly drafted, puts consumers on notice that a report about them may be prepared. This knowledge enables consumers to exercise a variety of other substantive rights conferred by the statute, many of which work to ensure accuracy, confidentiality, and fairness. 15 U.S.C. § 1681c(a) (limiting temporal scope of information that can be reported); § 1681e(b) (mandating that consumer reporting agencies employ procedures to ensure "maximum possible accuracy" in reports); § 1681k (requiring consumer reporting agencies that report public record information to employers to either provide notice to the consumer that information is being reported or have "strict procedures" to ensure that information is "complete and up to date"); § 1681i (requiring that consumer reporting agencies investigate any disputed information); § 1681g (requiring that consumer reporting agencies provide a complete copy of the consumer's file to the consumer).

      36.    SIMOS routinely and systemically violates the FCRA stand-alone disclosure requirement by failing to provide "clear and conspicuous" disclosures in writing, in a document that consists solely of the disclosures, that a consumer report may be obtained.

      37.    Instead, SIMOS includes confusing extraneous language in its disclosure forms, which prevents individuals from knowingly authorizing consumer reports.

38.     In Congress's judgment, an employer's failure to provide a stand-alone disclosure form is a harm to a consumer sufficient to establish Article III standing.

39.     The FCRA also requires that "before taking any adverse action based in whole or in part on [a consumer report]," the employer taking the adverse action must provide "the consumer to whom the report relates" with:

     (i)     a copy of the report; and

     (ii)    a description in writing of the rights of the consumer under this subchapter, as prescribed by the [Consumer Financial Protection] Bureau under section 1681g(c)(3).

15 U.S.C. § 1681b(b)(3)(A)(i) and (ii).

40.     The FCRA defines adverse action as both "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee," and "an action taken or determination that is . . . adverse to the interests of the consumer."  15 U.S.C. § 1681a(k)(1)(B).

41.     SIMOS has routinely and systematically failed to provide Plaintiff and other job applicants with their consumer report and a summary of their rights under the FCRA before taking adverse actions against them.

42.     In Congress's judgment, an employer's failure to provide a consumer with his or her consumer report and a summary of his or her rights under the FCRA are both harms sufficient to establish Article III standing.

43.     SIMOS has acted willfully in violating the FCRA.  SIMOS knew or should have known its obligations under the FCRA.  These obligations are well-established by the plain language of the FCRA, in the promulgations and opinion letters of the Federal Trade Commission, and in longstanding case law.   Further, employers like SIMOS are required to

certify to the consumer reporting agency that they will comply with the FCRA's stand-alone

disclosure and authorization requirements. *See* 15 U.S.C. § 1681b(b)(1).

44.     Despite SIMOS's awareness of its legal obligations, it has acted consciously,

recklessly and willfully in breaching its known duties and depriving Plaintiff and other job

applicants of their rights under the FCRA.

## CLASS ACTION ALLEGATIONS

45.     Plaintiff brings this case as a proposed Class action pursuant to Federal Rule of

Civil Procedure 23 on behalf of himself and two classes of persons (collectively, the "Classes").

46.     Plaintiff asserts the First Cause of Action against SIMOS on behalf of the "FCRA

Disclosure Class" defined as follows:

> **FCRA Disclosure Class:** All individuals who, during the applicable two year
> statute of limitations period through July 17, 2015, applied for work with SIMOS
> and were provided with an Authorization and Disclose Form.

47.     Plaintiff also asserts the Second Cause of Action against SIMOS on behalf

of the "FCRA Consumer Report Class" defined as follows:

> **FCRA Consumer Report Class:** All individuals who, during the applicable two
> year statute of limitations period through October 19, 2015, may have been
> separated or not hired based on their background check results.

48.     The members of the FCRA Disclosure Class and FCRA Consumer Report Class

are collectively referred to as "Class Members."

49.     Plaintiff reserves the right to amend the definition of above-defined classes based

on discovery or legal developments.

50.     The Class Members identified herein are so numerous that joinder of all members

is impracticable.  SIMOS is a national company with offices in at least ten states, including

Illinois.  The number of job applicants harmed by SIMOS's violations of the FCRA is far greater

than feasibly could be addressed through joinder.  The precise number is uniquely within

Defendant's possession, and Class Members may be notified of the pendency of this action by published and/or mailed notice.

51.     There are questions of law and fact common to Class Members, and these questions predominate over any questions affecting only individual members.  Common legal and factual questions include, among others:

(a)     whether Defendant violated the FCRA by failing to provide Plaintiff and the FCRA Disclosure Class with a clear and conspicuous disclosure in writing, in a document that consisted solely of the disclosure, prior to procuring their consumer reports for employment purposes, as required by 15 U.S.C. § 1681b(b)(2)(A)(i);

(b)     whether Defendant violated the FCRA by failing to provide Plaintiff and the FCRA Consumer Report Class with a copy of their consumer report before taking adverse action against them in violation of 15 U.S.C. § 1681b(b)(3)(A)(i);

(c)     whether Defendant violated the FCRA by failing to provide Plaintiff and the FCRA Consumer Report Class with a written description of their rights under the FCRA before taking adverse action against them in violation of 15 U.S.C. § 1681b(b)(3)(A)(ii);

(d)     whether Defendant's actions caused informational injury to Plaintiff and Class Members, and whether Defendant's actions violated the privacy of Plaintiff and Class Members;

(e)     whether Defendant was willful in its noncompliance with the requirements of the FCRA; and

(f)     whether statutory damages, compensatory damages, exemplary damages and punitive damages for Class Members are warranted.

52.     Plaintiff is a member of the classes he seeks to represent.  SIMOS failed to provide Plaintiff with a clear and conspicuous disclosure in writing, in a document consisting solely of the disclosure, to procure a consumer report for employment purposes before procuring such a report, as required by the FCRA.  SIMOS took adverse action against Plaintiff without

first providing him with a copy of his consumer reports and a written summary of his rights under the FCRA.

53.     Plaintiff's claims are typical of the claims of the classes he seeks to represent. Upon information and belief, it is SIMOS's standard practice to procure consumer reports without first providing a clear and conspicuous disclosure in writing to applicants, in a document that consists solely of the disclosure. Upon information and belief, it is also SIMOS's standard practice to take adverse actions against applicants without first providing them with a copy of their consumer reports and a written summary of their rights under the FCRA. Plaintiff is entitled to relief under the same causes of action as other Class Members.

54.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members because his interests coincide with, and are not antagonistic to, the interests of the Class Members he seeks to represent. Plaintiff has retained Counsel who are competent and experienced in complex class actions, including litigation pertaining to criminal background checks, the FCRA, and other employment litigation, and the intersection thereof. There is no conflict between Plaintiff and the Class Members.

55.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) for the FCRA Disclosure Class because common questions of fact and law predominate over any questions affecting only individual Class Members. For example, SIMOS has maintained a common policy of failing to provide a clear and conspicuous disclosure in writing, in a document that consisted solely of that disclosure, before procuring a consumer report. Moreover, a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Class Members have been damaged and are entitled to recovery as a result of Defendant's uniform policies and practices. Because SIMOS has maintained a

10

common policy of failing to properly inform Class Members of their rights under the FCRA, many Class Members are likely unaware that their rights have been violated.

56.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) for the FCRA Consumer Report Class because common questions of fact and law predominate over any questions affecting only individual Class Members.  For example, SIMOS has maintained a common policy of taking adverse action without first providing applicants with copies of their consumer reports and/or a written description of their rights under the FCRA. Moreover, a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Class Members have been damaged and are entitled to recovery as a result of Defendant's uniform policies and practices.  Because SIMOS has maintained a common policy of failing to properly inform Class Members of their rights under the FCRA, many Class Members are likely unaware that their rights have been violated.

57.     The amount of each Class Member's individual claim is small compared to the expense and burden of individual prosecution of this litigation.  The FCRA has statutorily specified damages, which Class Members will prove at trial are warranted, that will render calculation of damages for Class Members highly straightforward.  The propriety and amount of exemplary and punitive damages are based on Defendant's conduct, making these issues common to Class Members.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**SIMOS's Failure to Provide Clear and Conspicuous Disclosure
Before Procurement of Consumer Report
(15 U.S.C. § 1681b(b)(2)(A)(i), Brought by Plaintiff on Behalf of
Himself and the FCRA Disclosure Class)**

58.     Mr. Pickett, on behalf of himself and the FCRA Disclosure Class, incorporates the

preceding paragraphs as alleged above.

59.     SIMOS violated the FCRA by procuring consumer reports on Plaintiff and the

FCRA Disclosure Class without making the stand-alone disclosures required by the FCRA. *See*

15 U.S.C. § 1681b(b)(2)(A).

60.     SIMOS's policy caused concrete injury (including the risk of harm) to Mr. Pickett

and the FCRA Disclosure Class, including because the form's extraneous information:

> (a) causes confusion about the purpose of the authorization, when Congress
> created this provision so that consumers would undoubtedly know they
> were authorizing a consumer report; and

> (b) impedes consumers from learning of their substantive rights conferred by
> the FCRA, including those pertaining to ensuring the reports' accuracy,
> confidentiality, and fairness.

61.     By failing to provide Plaintiff and the FCRA Disclosure Class with a proper

authorization, Defendant accessed their personal information (including information as to

criminal and credit history) without authorization, invading their privacy and causing further

concrete injury.

62.     Defendant acted willfully and in knowing or reckless disregard of its obligations

and the rights of Mr. Pickett and the FCRA Disclosure Class.

63.     SIMOS's willful conduct is reflected by, among other things, the fact that it violated a clear statutory mandate set forth in 15 U.S.C. § 1681b(b)(2), and that Defendant certified that it would comply with 15 U.S.C. § 1681b(b)(2).

64.     SIMOS's willful conduct is still further reflected by the following:

(a)     The FCRA was enacted in 1970, and Defendant has had years to become compliant;

(b)     Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

(c)     Defendant repeatedly and routinely uses the same unlawful documents with all of individuals on whom it procured consumer reports or otherwise failed to provide them with the required stand-alone disclosure;

(d)     Despite the pellucid statutory text and there being a depth of guidance, Defendant systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(e)     By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

65.     As a result of SIMOS's actions, Mr. Pickett and the FCRA Disclosure Class Members have been deprived of their consumer rights, prevented from making informed decisions about whether to permit SIMOS to procure their personal information, and had their privacy invaded.

66.     SIMOS's willful conduct makes it liable for statutory damages, punitive damages, and attorneys' fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

<u>SECOND CLAIM FOR RELIEF</u>

**SIMOS's Failure to Provide Consumer Reports and FCRA Notices Before Adverse Actions (15 U.S.C. § 1681b(b)(3)(A), Brought by Mr. Pickett on Behalf of Himself and the FCRA Consumer Report Class)**

67.     Mr. Pickett, on behalf of himself and the FCRA Consumer Report Class,

incorporates the preceding paragraphs as alleged above.

68.     SIMOS violated the FCRA by taking adverse employment actions against Mr.

Pickett and the FCRA Consumer Report Class based in whole or in part on the information

contained within their consumer reports.

69.     Before taking these adverse employment actions, SIMOS failed to provide Mr.

Pickett and the FCRA Consumer Report Class with a copy of their consumer reports and a

reasonable amount of time to respond.

70.     Before taking these adverse employment actions, SIMOS failed to provide Mr.

Pickett and the FCRA Consumer Report Class with a written description of their rights under the

FCRA.

71.     SIMOS's policy caused concrete injury (including the risk of harm) to Mr. Pickett

and the FCRA Consumer Report Class, including because they could not:

(a) evaluate information contained in the consumer reports to ensure accuracy;

(b) challenge and correct that information;

(c) explain the circumstances surrounding that information (even if accurate);

(d) explain why information reported should not preclude employment; and

(e) learn of their rights and opportunities under the FCRA.

72.     Defendant used the information contained in the consumer reports it obtained from Plaintiff and the FCRA Disclosure Class without proper authorization, invading their privacy and causing further concrete injury.

73.     Defendant acted willfully and in knowing or reckless disregard of its obligations and the rights of Mr. Pickett and the FCRA Disclosure Class.

74.     SIMOS's willful conduct is reflected by, among other things, the fact that it violated a clear statutory mandate set forth in 15 U.S.C. § 1681b(b)(3)(A).

75.     SIMOS's willful conduct is still further reflected by the following:

(a) The FCRA was enacted in 1970, and Defendant has had years to become compliant;

(b) Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

(c) Defendant repeatedly and routinely took adverse action based in whole or in part on information contained in a consumer report before providing consumers with a copy of the consumer report or FCRA rights; and

(d) By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

76.     As a result of SIMOS's actions, Mr. Pickett and the FCRA Consumer Report Class have been deprived of their consumer rights, prevented from timely and effectively contesting the adverse action, and had their privacy invaded.

77.     SIMOS's willful conduct makes it liable for statutory damages, punitive damages, and attorneys' fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class Members pray for relief as follows:

(a)     Certification of Plaintiff's FCRA claims as a class action pursuant to Federal Rule of Civil Procedure 23;

(b)     Designation of Plaintiff as representative of the Class Members;

(c)     Designation of Plaintiff's counsel of record as Class Counsel;

(d)     An award of all actual and/or statutory damages awardable for violations of the FCRA including punitive damages for each violation found to be willful;

(e)     An award of costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

(f)     Pre-judgment and post-judgment interest, as provided by law;

(g)     Payment of a reasonable service award to Plaintiff, in recognition of the services he has rendered and will continue to render to Class Members, and the risks he has taken and will take; and

(h)     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

Dated:  February 7, 2017

Respectfully submitted,

By:

**OUTTEN & GOLDEN LLP**
Ossai Miazad (*pro hac vice* motion pending)
Christopher M. McNerney (*pro hac vice* motion pending)
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:  (212) 245-1000
Facsimile:  (646) 509-2060

Paul W. Mollica
161 North Clark Street
Suite 1600
Chicago, Illinois 60601
Telephone: (312) 809-7010
Facsimile: (312) 809-7911

*Attorneys for Plaintiff and proposed Class Members*